
FILED
July 28, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002809972

BETH MAXWELL STRATTON
CHAPTER 7 TRUSTEE
Post Office Box 3930
Pinedale, CA 93650
Telephone: (559) 441-4233
Facsimile: (559) 441-4234

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| In the Matter of | Case No. 08-11882-B-7 |
| LARRY TYRONE BURRUS, | Chapter 7 |
| Debtor. | DC No. BMS-3 |
| | **MOTION TO SELL PROMISSORY NOTE SECURED BY REAL PROPERTY** |
| | Date: August 25, 2010<br>Time: 10:00 a.m.<br>Dept: B, Hon. W. Richard Lee |

Beth Maxwell Stratton, Chapter 7 Trustee ("Trustee") in the above-referenced case, respectfully moves the court for an order approving the sale of a promissory note secured by real property and represents as follows:

1. Debtor, Larry Tyrone Burrus ("Debtor"), filed his Chapter 7 bankruptcy petition on April 3, 2008. Trustee is the duly appointed, qualified and acting trustee in the above-referenced case.

2. This court has jurisdiction over this motion by virtue of 28 U.S.C. §1334 and 11 U.S.C. §363. This is a core matter under 28 U.S.C. §157(b)(2)(A) & (N).

3. On June 9, 2010, the court heard trustee's motion to sell three promissory notes secured by deeds of trust. An order was entered on July 8, 2010, authorizing the trustee to sell those notes. Since the time of that hearing, Trustee has discovered additional facts concerning one of the notes which materially affects the trustee's ability to sell the note, and

1

the purchaser's desire to purchase the note on the approved terms.

4. The subject note is a promissory note by Joseph Puckett dated August 21, 2007, for the principal sum of $42,000.00 with interest from September 1, 2007 at the rate of 8.75%, payable in monthly installments of $330.00 due the first day of each month beginning October 2007, continuing until September 1, 2037. The note is secured by a deed of trust on the real property located at 115 - 117 E. Fresno Street, Fresno, California. The current fair market value of the real property is estimated to be between $45,000 to $50,000. The principal balance owed on the property on the note held by the estate at the time of the bankruptcy filing, was $41,657.40.

5. There are two senior deeds of trust in first and second position on title to the property, both of which date back to 1977. The sale proposed below is without regard to said deeds of trust. That is, Seller has not reduced the proposed price of the note due to these deeds of trust. In third and fourth position (senior to the estate's deed of trust), there are deeds of trust in favor of the City of Fresno. These deeds of trust secure notes in favor of the City of Fresno with outstanding balances of $9,223.00 and $11,862.00, respectively. In addition, there are several notices of liens and special assessments in favor of the City of Fresno, all senior to the deed of trust securing the note owned by this bankruptcy estate, which add up to a total due of $1,190.00.

6. The successful bidder on the note secured by this real property at the June 9th hearing was Equity Trust Company, custodian FBO Abdenour Achab Roth IRA ("purchaser"). Said purchaser was to purchase the note for $30,500.00. After discovering the amounts owed to the City of Fresno, which Trustee previously thought was substantially less, purchaser is not willing to pay said price for the note, and Trustee believes that the note is worth less. Even though this is not a sale of the real property which requires payoff on senior liens, given the value of the property, the condition of the property, the declining real estate market, and the lack of verification of the creditworthiness of the trustor, consideration of the senior liens and encumbrances on the property is a material factor in the value of the note held by the estate.

7. Trustee has agreed to sell the note for the sum of $8,225.00 to purchaser and purchaser agrees to pay said amount for the note. In addition, purchaser shall receive a credit for all payments received by Trustee after May 1, 2010. At this time, Trustee has received $900 since May 1, 2010. Trustee has received a $5,000 deposit from purchaser.

8. Trustee believes the sale to purchaser is beneficial to the creditors and that the price is justified given the facts.

9. The sale is subject to higher and better bid at the hearing. Trustee requires prospective bidders to provide trustee with a $5,000 cashier's check at least 2 business days prior to the court hearing which shall be held by Trustee and deposited if said party is the successful bidder.

WHEREFORE, Trustee prays that the sale of the Note and Deed of Trust be approved.

Dated: July 27, 2010

_____
Beth Maxwell Stratton, Chapter 7 Trustee